UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMY LIMOLI, | ) | Civil Action No.: 1:18-cv-10561 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| DELTA AIRLINES, INC. AND | ) |  |
| MYKAL DENT | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff would like to note at the onset of her responses to Defendants' Statement of Undisputed Facts that her counsel was not provided with the original document (Document No. 32) in Word format. An employee in undersigned's office requested the Word document on July 3, 2019 at approximately 11:00 a.m. Therefore, her responses are listed sequentially herein without Defendants' entries. Should Plaintiff's counsel receive the document in Word format, she will insert these responses in the correct format and re-file this document.

1. This paragraph raises no question of material fact.

2. This paragraph raises no question of material fact.

3. This paragraph raises a question of material fact. No doubt, Delta has created paper policies compliant with law. This does not apply to the instant facts where Delta broke the law.

4. This paragraph raises a question of material fact. No doubt, Delta has created paper policies compliant with law. This does not apply to the instant facts where Delta broke the law.

5. This paragraph raises a question of material fact. No doubt, Delta has created paper policies compliant with law. This does not apply to the instant facts where Delta broke the law.

6. As applied to Delta's paper polices, this paragraph raises no question of material fact.

7. As applied to Delta's paper polices, this paragraph raises no question of material fact.

8. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that being a minute or two late for work is the equivalent of theft, the paragraph proffers a grossly misleading inference.

9. As applied to Delta's paper polices, this paragraph raises no question of material fact.

10. This paragraph raises no question of material fact.

11. This paragraph raises no question of material fact.

12. This paragraph raises no question of material fact.

13. This paragraph raises no question of material fact.

14. This paragraph raises no question of material fact.

15. This paragraph raises no question of material fact.

16. This paragraph raises no question of material fact.

17. This paragraph raises no question of material fact.

18. This paragraph raises no question of material fact.

19. This paragraph raises no question of material fact.

20. This paragraph raises no question of material fact.

21. This paragraph raises no question of material fact.

22. This paragraph raises no question of material fact.

23. This paragraph raises no question of material fact.

24. This paragraph raises no question of material fact.

25. This paragraph raises no question of material fact.

26. This paragraph raises no question of material fact.

27. This paragraph raises no question of material fact.

28. This paragraph raises no question of material fact.

29. This paragraph raises no question of material fact.

30. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that plaintiff was terminated in 2017 for a momentary error made in in 2013, the paragraph proffers a grossly misleading inference.

31. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that plaintiff was terminated in 2017 for a momentary error made in in 2013, the paragraph proffers a grossly misleading inference.

32. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that plaintiff was terminated in 2017 for a momentary error made in in 2013, the paragraph proffers a grossly misleading inference.

33. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that plaintiff was terminated in 2017 for a momentary error made in in 2013, the paragraph proffers a grossly misleading inference.

34. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that plaintiff was terminated in 2017 for a momentary error made in in 2013, the paragraph proffers a grossly misleading inference.

35. As applied to Delta's paper polices, this paragraph raises no question of material fact. To the extent the paragraph seems to suggest that plaintiff was terminated in 2017 for a second insignificant error made in in 2014, the paragraph proffers a grossly misleading inference.

36. Plaintiff's counsel does not see any relevance to this whatsoever and therefore assumes there is not material question of fact.

37. This paragraph raises no question of material fact.

38. This paragraph raises no question of material fact, although again, Plaintiff sees no relevance to this whatsoever.

39. This paragraph raises no question of material fact.

40. This paragraph raises no question of material fact.

41. As applied to Delta's paper polices, this paragraph raises no question of material fact.

42. This paragraph raises no question of material fact.

43. This paragraph raises no question of material fact.

44. This paragraph raises no question of material fact.

45. This paragraph raises no question of material fact.

46. This paragraph raises no question of material fact.

47. This paragraph raises no question of material fact.

48. This paragraph raises no question of material fact.

49. This paragraph raises no question of material fact.

50. This paragraph raises no question of material fact.

51. This paragraph raises no question of material fact.

52. This paragraph raises no question of material fact.

53. This paragraph raises no question of material fact.

54. This paragraph raises no question of material fact.

55. This paragraph raises no question of material fact.

56. This paragraph raises no question of material fact.

57. This paragraph raises no question of material fact.

58. This paragraph raises no question of material fact.

59. This paragraph raises no question of material fact.

60. This paragraph raises no question of material fact. Plaintiff objects to the use of the word "admitted" and suggests that a more pertinent term would be "explained."

61. This paragraph raises no question of material fact.

62. This paragraph raises no question of material fact.

63. This paragraph raises no question of material fact.

64. This paragraph raises no question of material fact.

65. This paragraph raises no question of material fact. Plaintiff agrees that she was distraught. Plaintiff disputes whether the invitation to come speak to Dent was generated out of compassion for her condition (as the paragraph suggests) or, as she believes is more likely, to take advantage of her distraught condition.

66. This paragraph raises no question of material fact.

67. Plaintiff objects to the use of the word "admitted" and suggests that a more pertinent term would be "explained."

68. This paragraph raises no question of material fact.

69. This paragraph raises no question of material fact.

70. This paragraph raises no question of material fact.

71. This paragraph raises no question of material fact.

72. This paragraph raises no question of material fact.

73. Plaintiff disputes this. The totality of the circumstances suggests clearly that Dent "had it in for her."

74. This paragraph raises no question of material fact as to what Rogers is supposed to have SAID. The notion that Ms. Limoli committed "time theft" is laughable.

75. This paragraph raises no question of material fact.

76. This paragraph raises no question of material fact.

77. This paragraph raises no question of material fact.

78. This paragraph raises no question of material fact. Plaintiff objects to the use of the word "admitted" and suggests that a more pertinent term would be "explained."

79. This paragraph raises no question of material fact.

80. This paragraph raises no question of procedural material fact. Plaintiff alleges that the supposed investigation was a sham.

81. This paragraph raises no question of procedural material fact. Plaintiff alleges that the supposed investigation was a sham.

82. This paragraph raises no question of procedural material fact. Plaintiff alleges that the supposed investigation was a sham.

83. This paragraph raises no question of procedural material fact. Plaintiff alleges that the supposed investigation was a sham.

84. This paragraph raises no question of procedural material fact. Plaintiff alleges that the supposed investigation was a sham.

85. This paragraph raises no question of material fact.

86. This paragraph raises no question of material fact.  However, the supposed the appeal right is but a kangaroo court.

87. This paragraph raises no question of material fact. However, the supposed the appeal right is but a kangaroo court.

88. This paragraph raises no question of material fact. However, the supposed the appeal right is but a kangaroo court.

89. This paragraph raises no question of material fact. However, the supposed the appeal right is but a kangaroo court.

90. This paragraph raises no question of material fact. However, the supposed the appeal right is but a kangaroo court.

91. This paragraph raises no question of material fact.

## <u>MATERIAL QUESTIONS OF FACT</u>

1. Regardless of the evidence that Ms. Limoli was fired for "theft of time," the totality of circumstances, which include a request for family leave on March 26 and March 27, supports a compelling inference that the termination was pretextual. See Deposition of Amy Limoli, passim.

2. The reasons proffered for the termination are objectively suspicious, implausible, and inconsistent with the totality of the circumstances. See entire record, passim.

3. The termination is outright inhumane given Ms. Limoli's family circumstances. See Limoli Deposition Exhibit 12 email string, which includes the following quote from

Gabriella Spagnolo: "I don't feel good about taking someone's job away when they are having a really bad time in their life." (See Exhibit 12 attached hereto and to Declaration of Robert Sinsheimer)

Respectfully submitted,
PLAINTIFF
Amy Limoli

By and through her attorney:


*/s/ Robert S. Sinsheimer*_____
Robert S. Sinsheimer, BBO No. 464940
SINSHEIMER & ASSOCIATES
92 State Street, 9th Floor
Boston, MA 02109
Tel: (617) 722-9954
Fax: (617) 722-9950
rsinsheimer@sinsheimerlaw.com

Dated: July 8, 2019

## CERTIFICATE OF SERVICE

I, Robert S. Sinsheimer, counsel for Plaintiff Amy Limoli, hereby certify that a true and accurate copy of the foregoing Statement of Undisputed Facts filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date, July 8, 2019.

*/s/ Robert S. Sinsheimer*_____
Robert S. Sinsheimer
